IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

PETER PALUMBO and SHANNON PALUMBO,

Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

**NOTICE OF REMOVAL**

Defendant Safeco Insurance Company of America ("Defendant" or "Safeco"), by and through its undersigned counsel, Lewis Roca Rothgerber LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Douglas County, State of Colorado, to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

**INTRODUCTION**

1.  On October 20, 2014, Plaintiffs initiated this action by filing their Complaint ("Complaint") in the District Court, Douglas County, State of Colorado, Case No. 2014CV31125 (the "State Action").

2.  The Complaint asserts three claims for relief against Defendant, including a First Claim for Relief for Breach of Contract, a Second Claim for Relief for Bad Faith, and a Third Claim for Relief for Unreasonable Delay Under C.R.S. §§.10-3-1115 and 1116.

3. This lawsuit arises out of Plaintiffs' claim for property damage coverage in connection with a storm that occurred on or about August 8, 2013.

## COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. On October 21, 2014, Plaintiffs served Defendant with a Summons and a copy of the Complaint in the State Action.

6. This notice of Removal is filed within 30 days of the receipt by Defendant of the service of the Summons and Complaint, and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

7. Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1. This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiffs' Complaint and Summons are attached to this Notice of Removal as **Exhibits A and B**, respectively.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2014CV31125, District Court, Douglas County, Colorado. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

11. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12. Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

13. Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURSIDCITION

14. Plaintiffs' Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are residents of different states, and (b) the amount in controversy exceeds $75,000.

**A.   THE PARTIES ARE RESIDENTS OF DIFFERENT STATES**

15. Plaintiffs are Colorado citizens. *See* **Exhibit A**, Complaint at ¶ 1 ("Plaintiffs, Peter Palumbo and Shannon Palumbo …, resided at all relevant times at 7752 Oakview Place in Castle Pines, Douglas County, Colorado….").

16. Defendant is a citizen of the State of New Hampshire and the State of Massachusetts. Defendant is incorporated under the laws of the State of New Hampshire and maintains its principal place of business in Boston, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business….").

17. For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.     THE AMOUNT IN CONTROVERSEY EXCEES $75,000**

18.     While not waiving Defendant's right to contest the issue, Plaintiffs seek a monetary judgment in excess of $75,000.

19.     On August 18, 2014, Plaintiffs demanded that Defendant "pay the replacement cost for the Palumbos' roof, siding, windows, and interior damages resulting from the loss, along with the actual cost of the personal property damaged, the Palumbo's additional living costs, as well as the attorneys' fees and costs incurred by the Palumbos to enforce their rights under the policy." *See* **Exhibit D**, a copy of the demand.  Thereafter, Plaintiffs submitted an estimate from Ecoblast Construction Services regarding the cost to replace their roof and other components of alleged property damage.  The estimate totals $55,415.74.  *See* **Exhibit E**, a copy of the estimate.  *See also McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) (a court may examine documentation beyond the complaint as a basis for determining the amount in controversy).

20.     In this lawsuit, Plaintiffs seek from Defendant the costs to replace their roof and other components of alleged property damage.  *See* **Exhibit A** at Wherefore Clause.  In addition, Plaintiffs seek statutory damages from Defendant in the amount of "two times the covered benefit plus reasonable attorneys' fees and court costs."  *See Id.* at ¶ 35.  *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* Civil Action No. 10-cv-02544-CMA-MEH, 2013 WL 1412327 (D.Colo. 2010) (copy attached hereto as **Exhibit F**) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* Civil Action No. 12-cv-02229-REB-KLM, (D.Colo. 2013) (copy attached hereto as **Exhibit G**) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116,

including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

21. Since Plaintiffs' alleged damages confirm that the amount in controversy exceeds $75,000.00, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Safeco Insurance Company of America requests that the action now pending in the District Court, Douglas County, Colorado, Case No. 2014CV31125, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 20th day of November, 2014.

LEWIS ROCA ROTHGERBER LLP


s/ Lyndsay K. Arundel
Brian J. Spano, Esq.
Lyndsay K. Arundel, Esq.

*Attorneys for Defendant Safeco Insurance Company of America*

- 6 -

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2014, I delivered a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Ronald E. McConaughy
Ivan A. Sarkissian
Kate L. McDonald
McConaughy & Sarkissian, P.C.
8310 South Valley Highway, Suite 250
Englewood, CO 80112
rmcconaughy@mslawpc.com
isarkissian@mslawpc.com
kmcdonald@mslawpc.com

*Attorneys for Plaintiffs Peter Palumbo and Shannon Palumbo*

             *s/Lyndsay Arundel*
             Lyndsay Arundel