DATE FILED: October 20, 2014 2:44 PM
FILING ID: 71BD5B599977D
CASE NUMBER: 2014CV31125

DISTRICT COURT, DOUGLAS COUNTY, COLORADO
Address: 4000 Justice Way
      Castle Rock, CO 80109

**PLAINTIFFS:** PETER PALUMBO and SHANNON PALUMBO

v.

**DEFENDANT:** SAFECO INSURANCE COMPANY OF AMERICA, a foreign corporation.

Attorneys for Peter Palumbo and Shannon Palumbo:
Ronald E. McConaughy, # 29477
Ivan A. Sarkissian, #28817
Kate L. McDonald, # 42284
McConaughy & Sarkissian, P.C.
8310 South Valley Highway, Suite 250
Englewood, CO 80112
Telephone: (303) 649-0999
Facsimile: (303) 649-0990
rmcconaughy@mslawpc.com
isarkissian@mslawpc.com
kmcdonald@mslawpc.com

▲COURT USE ONLY▲

Case Number:

Division:

## COMPLAINT AND JURY DEMAND

Plaintiffs, Peter Palumbo and Shannon Palumbo, by and through their attorneys, McConaughy & Sarkissian, Professional Corporation, and as for their Complaint state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiffs, Peter Palumbo and Shannon Palumbo (collectively "Palumbos"), resided at all relevant times at 7752 Oakview Place in Castle Pines, Douglas County, Colorado ("Insured Premises").

2.    Defendant, Safeco Insurance Company of America ("Safeco"), is registered as a foreign corporation in good standing with the Colorado Secretary of State, and its principal place of business is located at 62 Maple Avenue in Keene, New Hampshire.

1


EXHIBIT
A

3.     On August 8, 2013, the Insured Premises sustained hail damage to the roof, siding, and windows, which resulted in interior damage. At the time of the loss, the Palumbos maintained a Homeowners Policy, policy number OX6065810 ("Policy"), with Safeco for the period of September 21, 2012 to September 21, 2013. (Exhibit A, Policy Declarations.)

4.     This Court has jurisdiction over Safeco because: (1) it did business in the State of Colorado at times material to this action, (2) it purposefully availed itself of the rights and privileges of the State of Colorado at all times material this action; (3) it contracted to insure the Insured Premises; and (4) its tortious or other wrongful acts and omissions described in this Complaint, which resulted in injury, damages, loss or other consequences, occurred in the State of Colorado.

5.     Venue is proper in this Court under C.R.C.P. 98 because this action arises out of a contract that was to be performed, involves tortious acts that took place, and the Insured Premises is located in Douglas County, Colorado.

## POLICY LANGUAGE

6.     The Policy included, but is not limited to, the following applicable property coverages for the Insured Premises:

   a.   Coverage A – Dwelling with liability limits of $415,400;
   b.   Coverage C – Personal Property with liability limits of $207,700; and
   c.   Coverage D – Additional Living Expense with liability limits of $83,080.

(Exhibit A, Policy Declarations.)

7.     Pursuant to the "Insuring Agreement" provided within the Policy, Safeco agreed to provide coverage under the following circumstances:

In reliance on the information you have given us, we will pay claims and provide coverage as described in this policy if you pay the premiums when due and comply with all the applicable provisions outlined in this policy.

This policy applies only to losses occurring during the policy period.

(Exhibit B, Policy, Insuring Agreement.)

8.     Specifically, Safeco agreed to insure the Insured Premises, as well as personal property and additional living expenses.

### COVERAGE A – DWELLING

We cover:

2

The dwelling on the **residence premises** shown in your Policy Declarations used principally as a private residence, including structures attached to the dwelling other than fences, driveways or walkways; ....

(Exhibit B, Policy, Section I – Property Coverages, Coverage A – Dwelling, ¶ 1.)

### COVERAGE C – PERSONAL PROPERTY

Personal property owned or used by an **insured** is covered while it is anywhere in the world. When personal property is usually located at an **insured's** residence, other than the **residence premises**, coverage is limited to 10% of the Coverage C limit....

(Exhibit B, Policy, Section I – Property Coverages, Coverage C – Personal Property, ¶ 1.)

### COVERAGE D – ADDITIONAL LIVING EXPENSE AND LOSS OF RENT

If a loss covered under this Section makes that part of the **residence premises** where you reside uninhabitable we cover Additional Living Expense, meaning the necessary increase in living expenses you incur so that your household can maintain its normal standard of living.

Payment shall be for the shortest time required, not exceeding 24 months, to repair or replace the damage or to permanently relocate....

(Exhibit B, Policy, Section I – Property Coverages, Coverage D – Additional Living Expense and Loss of Rent, ¶ 1.)

9.     Pursuant to the Policy, the Palumbos owed Safeco certain duties after a loss, including the following:

a.   cooperate with [Safeco] in the investigation, settlement or defense of any claim or suit;
b.   give immediate notice to [Safeco] or [its] agent;...
d.   protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep an accurate record of repair expenses;
e.   prepare an inventory of the loss to the building and damaged personal property showing in detail the quantity, description, **replacement cost** and age. Attach all bills, receipts and related documents that justify the figures in the inventory;
f.   as often as [Safeco] reasonable require:
  (1) exhibit the damaged and undamaged property;
  (2) provide [Safeco] with records and documents [Safeco] request and permit [Safeco] to make copies;...

g. submit to [Safeco], within 60 days after [Safeco] request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
(1) the time and cause of loss;...
(5) specifications of any damaged building and detailed repair estimates;
(6) an inventory of damaged personal property....

(Exhibit B, Policy, Section I – Property Conditions, ¶ 3.)

     10.    The Palumbos complied with their duties under the Policy, and Safeco therefore agreed to pay the replacement cost or actual cash value for any damage sustained.

**Replacement Cost.** Property under Coverage A ... at **replacement cost**...:

(1) We will pay the full cost of repair or replacement, but not exceeding the smallest of the following amounts:
  (a) the limit of liability under the policy applying to Coverage A ...;
  (b) the **replacement cost** of that part of the damaged building for equivalent construction and use on the same premises as determined shortly following the loss;
  (c) the full amount actually and necessarily incurred to repair or replace the damaged building as determined shortly following the loss;
  (d) the direct financial loss you incur;....

**Actual Cash Value.**

(1) Personal property covered under Coverage C;....

(Exhibit B, Policy, Section I – Property Conditions, ¶ 5.)

     11.    If the Palumbos and Safeco did not agree on the amount of the damages, then paragraph 9 of Section I – Property Conditions could be invoked by either party.

**Appraisal.** If you and we do not agree on the amount of the loss, including the amount of **actual cash value** or **replacement cost,** then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then resolve the issues surrounding the loss, appraise the loss, stating separately the **actual cash value** or **replacement cost** of each item, and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.

4

(Exhibit B, Policy, Section I – Property Conditions, ¶ 7.)

## APPRAISAL PROCESS

12.     On or around September 18, 2013, the Palumbos invoked the appraisal provision within the Policy and elected Garrett Kurtt as their independent appraiser. Pursuant to the Policy, Safeco had 20 days from the date of the demand to select a "competent and disinterested appraiser." (Exhibit B, Policy, Section I – Property Conditions, ¶ 7.) Safeco, however, failed to elect an appraiser until December 27, 2013, approximately 100 days after the Palumbos made their demand.

13.     Despite the language within the Policy, Safeco appointed Project Time & Cost, LLC ("PT&C") as its appraiser on December 27, 2013. Safeco did so after specifically receiving a verbal request from Mr. Kurtt in November 2013 to not appoint PT&C given its ongoing relationship with Safeco. In light of PT&C's relationship with Safeco, the Palumbos sent a letter to Safeco on January 31, 2014 requesting that it appoint a disinterested appraiser as required under the Policy.

14.     In response to the Palumbos' request, Safeco appointed Dustin Smoot at Pie Consulting & Engineering on February 5, 2014, 140 days after the Palumbos' demand. As required by the Policy, Mr. Kurtt forwarded Mr. Smoot a list of appraisers who could act as the independent umpire in early February. One of the names included on the list was Christopher Cowan.

15.     Mr. Smoot indicated that he would not agree to any of the appraisers recommended by Mr. Kurtt. Despite the continual delay in resolving the Palumbos' claim, Safeco did not assist the appraisers in selecting the independent umpire or request Court assistance. Approximately four months after Mr. Kurtt recommended Mr. Cowan, Mr. Smoot agreed to use him as the umpire. It is now over a year after the date of the loss, and almost thirteen months after the Palumbos made their demand, and the appraisal process is yet to be concluded.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

16.     The Palumbos incorporate the allegations in paragraphs 1 through 15 as if fully set forth herein.

17.     On August 8, 2013, the Palumbos maintained the Policy with Safeco, which insured the Insured Property against certain damages including hail.

18.     The Palumbos have fulfilled all of their duties under the Policy.

19.     Pursuant to the Policy, Safeco agreed to timely pay the replacement cost or actual cash value for any damage sustained under Section I of the Policy, including damage to the Insured Premises, personal property, and additional living expenses as defined within the Policy.

20.     Safeco owes the Palumbos a duty to pay necessary coverage for which they are eligible for under the Policy.

21.     Safeco breached its contract with the Palumbos by failing to pay the benefits for which the Palumbos are eligible.

22.     As a direct consequence of Safeco's breach of its contractual duties, the Palumbos suffered damages for which Safeco is legally liable including, but not limited to, the replacement cost of the roof, siding, windows, and interior damage caused by the loss at the Insured Premises, and the actual cost for the personal property that has been damaged and the additional living expenses they will occur while the necessary repairs are being performed.

## SECOND CLAIM FOR RELIEF
### Bad Faith

23.     The Palumbos incorporate the allegations in paragraphs 1 through 22 as if fully set forth herein.

24.     Safeco owed and continues to owe the Palumbos a duty of good faith and fair dealing in reviewing, evaluating, adjusting, and paying their insurance claim and in all of its dealings with them.

25.     Safeco has breached and continues to breach its duty of good faith and fair dealing by engaging in the following:

      a.     Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy;

      b.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

      c.     Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

      d.     Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and

      e.     Compelling the Palumbos to institute litigation to recover amounts due under the Policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured.

26.     Safeco's actions were and continue to be unreasonable.

27.     Safeco knew and knows its conduct was unreasonable and/or recklessly disregarded the fact that its conduct was unreasonable.

28.     Safeco's actions constitute willful violations of one or more provisions of C.R.S. § 10-3-1104(1)(h)(I) through (XIV).

29.     As a direct consequence of Safeco's bad faith, the Palumbos suffered damages for which Safeco is legally liable including, but not limited to, economic and non-economic damages such as the replacement cost of the roof, siding, windows, and interior damage caused by the loss at the Insured Premises, and the actual cost for the personal property that has been damaged and the additional living expenses they will occur while the necessary repairs are being performed.

### THIRD CLAIM FOR RELIEF
### Unreasonable Delay Under C.R.S. §§ 10-3-1115 and -1116

30.     The Palumbos incorporate the allegations in paragraphs 1 through 29 as if fully set forth herein.

31.     C.R.S. § 10-3-1115(1)(a) provides that an insurer shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

32.     The Palumbos are first-party claimants within the meaning of C.R.S. § 10-3-1115(b)(I).

33.     Safeco has unreasonably delayed payment of the Palumbos' claim for any amount of benefits they are entitled to under the Policy.

34.     Safeco's violation of C.R.S. § 10-3-1115 caused the Palumbos to suffer injuries including, but not limited to, economic and non-economic damages such as the replacement cost of the roof and the interior damage at the Insured Premises, and the actual cost for the personal property that has been damaged and the additional living expenses they will occur while the necessary repairs are being performed.

35.     In accordance with C.R.S. § 10-3-1116, and in addition to the other claims and damages sought herein, the Palumbos are entitled to recover from Safeco two times the covered benefits plus reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiffs, Peter Palumbo and Shannon Palumbo, respectfully request the Court enter judgment against Safeco Insurance Company of America and in favor of Plaintiffs on their above claims for all general damages, special damages, statutory damages, for all statutory and necessary costs and expenses including, but not limited to, costs and expenses incurred or to be incurred regarding expert witness fees and the investigation and discovery required to present, including but not limited to:

a.  For compensatory damages in an amount to be proved at trial as just and adequate compensation for the Palumbos' injuries, damages and losses resulting from Safeco's tortious actions including, but not limited to, all economic and noneconomic damages the Palumbos have incurred such as the replacement cost of the roof, siding, windows, and interior damage caused by the loss at the Insured Premises, and the actual cost for the personal property that has been damaged and the additional living expenses they will occur while the necessary repairs are being performed.

b.  For interest to the fullest extent provided by law, including pre- and post-judgment interest pursuant to C.R.S. §§ 13-21-101 and 5-12-102;

c.  For specific performance of the insurance contract;

d.  For all amounts recoverable pursuant to C.R.S. § 10-3-1116, including double damages, costs and attorneys' fees; and

e.  For such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Palumbos request a trial by jury of six on all issues so triable.

Dated this 20th day of October, 2014.

Respectfully submitted,

McCONAUGHY & SARKISSIAN
Professional Corporation

SIGNATURE ON FILE WITH MCCONAUGHY & SARKISSIAN, P.C.

By: *s/ Kate L. McDonald*
    Ronald E. McConaughy, # 29477
    Ivan A. Sarkissian, #28817
    Kate L. McDonald, #42284

*Attorneys for Peter Palumbo and Shannon Palumbo*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2014, a true and correct copy of the foregoing **COMPLAINT AND JURY DEMAND** was filed with the Court and personally served on the following:

Colorado Division of Insurance
Registered Agent, Safeco Insurance Company of America
1560 Broadway
Denver, CO 80202

*/s/ Kelly Cruz*
SIGNATURE ON FILE WITH MCCONAUGHY & SARKISSIAN, P.C.